**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-287C

(Filed: July 24, 2014)

(NOT TO BE PUBLISHED)

**FILED**

JUL 24 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | )|
|---|---|
| SUSAN HERBERT, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Susan Herbert, *pro se*, Jacksonville, FL.

David A. Levitt, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, Marian E. Sullivan, Assistant Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

On April 11, 2014, plaintiff, Susan Herbert, filed a complaint alleging abridgment of her rights in connection with an action proceeding in another court. Ms. Herbert amended her complaint on May 19, 2014. *See* Am. Compl., ECF No. 5.[1] The government has responded to

---

[1] The amended complaint was timely filed under Rule 15(a)(1)(B) of the Rules of the Court of Federal Claims ("RCFC"). While Ms. Herbert does not consider that her second complaint is an "amended complaint," *see* Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 43, ECF No. 7, the rules of this court allow only "a complaint" to be filed in a single case. RCFC 7(a)(1). Accordingly, the court will treat Ms. Herbert's second complaint as an amended complaint, which is consistent with the manner in which she filed it.

Ms. Herbert names 58 other plaintiffs. *See* Am. Compl. Attach. 1, at 2. Ms. Herbert is appearing before this court in a *pro se* capacity, and thus she can only represent herself or

1

the amended complaint with a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss ("Mot. to Dismiss"), ECF No. 6. Ms. Herbert filed an opposition to this motion on July 7, 2014, *see* Pl.'s Opp'n, ECF No. 7, and the government replied on July 18, 2014, *see* Def.'s Reply to Pl.'s Resp. in Opp'n ("Def.'s Reply"), ECF No. 9. Accordingly, the matter has been fully briefed and is ready for disposition.[2]

## BACKGROUND

Ms. Herbert has previously filed in various courts a number of complaints nearly identical to this one, all of which have been dismissed. *See, e.g.*, Order of Dismissal, *Clemons v. United States*, No. 13-162 (Fed. Cl. Mar. 15, 2013); Order, *Herbert v. Obama*, No. 11-1869, 2011 U.S. Dist. LEXIS 122644 (D. Minn. Aug. 24, 2011) (dismissing complaint for failure to state a claim for which relief can be granted); Order, *Herbert v. United States*, No. 3:07-cv-964-J-33TEM, 2007 U.S. Dist. LEXIS 88787 (M.D. Fla. Nov. 1, 2007) (dismissing claim for frivolousness and for failure to state a claim upon which relief can be granted); Order, *Herbert v. United States*, No. 3:07-cv-00776-J-16MCR, 2007 U.S. Dist. LEXIS 72022 (M.D. Fla. Sept. 27, 2007) (dismissing claim as frivolous).

In this iteration of her complaint, Ms. Herbert alleges claims that appear to stem from what she describes as the Supreme Court's failure to force the Solicitor General to respond to her challenge to a Supreme Court case. *See* Am. Compl. ¶¶ 1, 5. She interprets the Solicitor General's failure to respond as a procedural "default" by the government to her challenge, thus requiring a decision in her favor. *Id.* ¶ 2.

Ms. Herbert's three central claims are (1) that her rights, and the rights of all women, including the "Birthright," have been violated, by denying her substantive due process in the courts, (2) that a regulatory taking occurred by forcing "the [s]tate courts to act as [f]ederal courts of law" in denying her "entry to [the Supreme Court] or any other federal court in person," and (3) that "[b]y confiscating and refusing to file the Motion to Compel [t]he U[nited ] S[tates] [t]o Respond" and tampering with the Supreme Court's docket, the government has exacted a physical taking against her. Am. Compl. at 18. Ms. Herbert further alleges that the Court's failure to enforce her challenge is due to the Court's and society's prejudice against women, *id.* at 4, and that the Court's failure to act can also be attributed to the illegal and covert actions of the Court's clerks, *id.* at 5.

---

members of her immediate family before the court. *See* RCFC 83.1(a)(3). Consequently, all other named plaintiffs are removed from this action.

[2]Ms. Herbert asserts that she never received a copy of the government's motion to dismiss. Pl.'s Opp'n at 4. The government explained that it mailed a copy of the motion to dismiss to the address listed on Ms. Herbert's filings, but it was returned to the government due to an "insufficient address." Def.'s Reply at 2-3, Attach. 1. Under RCFC 5(a)(1)(D), a written motion, such as the government's motion to dismiss, must be served on the opposing party. Mailing the motion to the party's last known address fulfills the requirement for service. RCFC 5(b)(2)(C).

In terms of relief, Ms. Herbert asks for damages to compensate her for the taking of property, a "hearing in person," an injunction "prohibiting [d]efendant[] from collecting tribute disguised as just taxation . . . [and] from claiming that [it] possess[es] jurisdiction over [her], and an injunction prohibiting Barack Obama from acting as if he is the rightful, lawful President," as well as a "declaration that women and their children are part of mankind [and] so are [p]ersons with equal rights." Am. Compl. at 19. Ms. Herbert appears to be seeking $2 billion in damages. *See* Am. Compl. at 13.

## STANDARDS FOR DECISION

Ms. Herbert premises this court's jurisdiction over her claims on the Tucker Act, 28 U.S.C. § 1491. Am. Compl. at 1. The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is a waiver of sovereign immunity and enables a plaintiff to sue the United States for monetary damages in certain circumstances. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Act itself, however, does not create a substantive right to monetary relief from this court. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To meet the jurisdictional requirements of the Tucker Act, the plaintiff must point to an independent, substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400.

The "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (internal quotation marks omitted) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)). When considering a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint as true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The party seeking to establish the court's jurisdiction bears the burden of proving it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds*, 846 F.2d at 748. In construing pleadings filed by *pro se* plaintiffs, the court generally holds them to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (internal quotation marks omitted)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Thus, even as a *pro se* plaintiff, Ms. Herbert "bears the burden of establishing the [c]ourt's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

3

## ANALYSIS

This court does not have jurisdiction over claims of violations of due process, as the Due Process Clause is not money-mandating. *See James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) ("[T]he Court of Federal Claims lacks jurisdiction over [Due Process Clause claims] because [the Due Process Clause] . . . is [not] a money-mandating provision"). Consequently, this court cannot have jurisdiction over Ms. Herbert's claim that her right to "substantive due process in the courts in the US" was violated when the Supreme Court did not force the Solicitor General to reply to Ms. Herbert's challenge of a decision by the Supreme Court. *See* Am. Compl. at 18.

Ms. Herbert's takings claims also fail to state claims upon which relief can be granted, even under the lenient interpretation afforded to *pro se* plaintiffs. *See* RCFC 12(b)(6); *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009) ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest."). The Supreme Court refined the standard for sufficient claims in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007) (requiring a claimant to allege "enough facts to state a claim to relief that is plausible on its face"), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Ms. Herbert makes both a regulatory and a physical takings claim, but the facts that she alleges would not constitute a takings under either framework and therefore cannot support her legal conclusions that a taking has occurred. Ms. Herbert alleges that the government took her property by regulatory means when it denied her entry to the Supreme Court on her challenge to the Supreme Court decision, when it denied her a hearing, and when the Supreme Court failed to force the Solicitor General to file a response. *See* Am. Compl. at 18. The right of entry to the Supreme Court and the right to a hearing are not private property, and therefore Ms. Herbert has failed to allege that private property has been taken for public use. As for her physical takings claim, Ms. Herbert alleges that the government, namely the clerks of the Supreme Court, committed a physical taking when they allegedly refused to file and then hid Ms. Herbert's Motion to Compel the United States to Respond. Am. Compl. at ¶¶ 14, 15. A court filing is not private property, and thus Ms. Herbert has failed to state a plausible takings claim. The court cannot discern a claim upon which relief can be granted.

## CONCLUSION

The court does not have subject matter jurisdiction over Ms. Herbert's due process claims, and her allegations of takings fail to state claims upon which relief can be granted. As such, the government's Motion to Dismiss is GRANTED pursuant to RCFC 12(b)(1) and (6).

The clerk is directed to enter judgment in accord with this disposition.

No costs.

4

It is so **ORDERED**.

                                                Charles F. Lettow
                                                Judge